JANE B. STRANCH, Circuit Judge, concurring. I write separately to note that though this case is part of a very large MDL group of cases, its result hinges on the unique circumstances surrounding the claims of ten individual plaintiffs against nineteen specific defendants. I concur because our result is based on the particulars of these cases and because the opinion accords with the understanding—and actual practice in this MDL—that § 1407 permits a transferee court to remand a case to the transferor court with a recommendation to send the case to an appropriate venue. See, e.g., Musselman v. Amphenol Corp., No. 10-cv-69486, 2011 WL 6415165, at *1 (E.D. Pa. Nov. 28, 2011) (remanding a MDL No. 875 case to the Delaware transferor court with a suggestion to transfer the case to Arkansas). Although the MDL court declined to elect that path for these ten plaintiff-appellants, other plaintiffs, including those participating in MDL No. 875, may still request that relief. Also, although these ten plaintiff-appellants were unable to present specific evidence that the nineteen defendant-appel-lees waived personal jurisdiction in their individual cases, today’s opinion confirms that other plaintiffs may prove waiver. See supra p. 307, note 3 (discussing In re: Asbestos Prods. Liab. Litig., 661 Fed.Appx. 173 (3d Cir. 2016)). The opinion notes that the Third Circuit “correctly” reversed dismissal because the January 1991 statements made by counsel for two of the defendant-appellees confirmed that they had consented to proceeding in the N.D. of Ohio for the purposes of a cluster of twenty cases. Where such evidence of waiver exists, dismissal remains inappropriate.